IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL A. PAYNE, 89918, )
    Petitioner, )
     )
    v. ) 2:12-cv-609
     )
COMMONWEALTH OF )
PENNSYLVANIA, )
    Respondent. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Michael A. Payne for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Michael A Payne an inmate at the Allegheny County Jail has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

From his petition and the docket sheet of the Court of Common Pleas of Allegheny County, Pennsylvania[1] it appears that pursuant to a plea agreement, on July 22, 2008 the petitioner entered a plea to charges of corruption of minors, and violation of Megan's law and a five year probationary sentence was entered at Docket No. CP-02-CR-017798-2006. Although it is not clear from the record, the petitioner was resentenced on April 24, 2009. Payne was subsequently arrested on charges of probation violation resulting in his present incarceration. According to the petitioner he made several unsuccessful attempts to challenge his resentencing in the Court of Common Pleas and it also appears that a motion to modify/correct an illegal sentence was filed in that court on January 19, 2012 and denied on June 5, 2012.[2]

Payne now comes before this Court seeking relief and argues in support thereof:

---

[1] The Allegheny County Docket Sheet can be found at the Pennsylvania Unified Judicial System webportal, http://ujportal.pascourts.us at Common Pleas docket number: CP-02-CR-017798-2006.
[2] Id.

1

1. Denial of due process and/or access to the court. 5th, 6th, 8th and 14th Amendment violations under U.S. Constitution.
2. Illegal modification and/or double jeopardy violation of 5th, 6th, 8th [and] 14th Amendment under U.S. Constitution and the 4th Amendment as well.
3. Violation of the 4th, 5th, 6th, 8th and 14th Amendment of the U.S. Constitution as P.O. Bowman added a condition (enhanced) changing my sentence by acting as a judge and arresting me for my address.
4. Illegal/false arrest by P.O. Bowman for a false probation violation. In violation of my U.S. rights under the 4th, 5th, 6th, 8th, 13th and 14th Amendment U.S. Constitution.
5. Illegal/false imprisonment by P.O. Bowman in violation of the 4th, 5th, 6th, 8th, 13th and 14th Amendment of the U.S. Constitution.
6. Illegal/false imprisonment of petition is over his max on his plea agreement in violation of the 4th, 5th, 6th, 8th, 13th and 14th Amendment of the U.S. Constitution.

Thus, it appears that the petitioner is seeking to challenge the modification of his sentence and his arrest as a probation violator.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir.1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. <u>Renico v. Lett</u>, 130 S.Ct. 1855 (2010).

In the instant case, it would appear that a motion to modify/correct sentence was just denied by the Court of Common Pleas. The petitioner is now able to pursue the remedies available to him in the appellate courts of Pennsylvania which must be exhausted before seeking relief in this Court.

Accordingly, because the petitioner has failed to exhaust the available state court remedies nor has he made a showing that requiring him to do so would be an exercise in futility, it is recommended that the petition of Michael A. Payne for a writ of habeas corpus be

dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/ Robert C. Mitchell |
| Filed: June 11, 2012 | United States Magistrate Judge |